IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02486-REB-CBS

RIVIERA DRILLING & EXPLORATION COMPANY,
a Texas corporation,

      Plaintiff,

v.

GUNNISON ENERGY CORPORATION,
a Delaware corporation,
SG INTERESTS I, LTD,
a Texas limited partnership, and
SG INTERESTS VII, LTD,
a Texas limited partnership,

      Defendants.

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties believe that certain information discoverable in this case may consist of proprietary and/or confidential information, research and development information, and/or commercially valuable information that the respective parties maintain in confidence in the ordinary course of business;

WHEREAS, the parties believe that good cause exists for the entry of this Stipulation and Order Governing Confidentiality of Discovery Materials (the "Stipulation"), which is narrowly tailored to protect the aforementioned confidential information of the parties;

By reason of the foregoing, the parties, by their counsel, hereby stipulate and agree, pursuant to Federal Rule of Civil Procedure 26(c), subject to the approval of the Court, to the entry of a protective order in the above-captioned action as follows:

1. This Stipulation shall govern information, documents, physical items, depositions, including transcripts and exhibits and other written, recorded, electronic or graphic materials produced during discovery, including electronically stored or computer-stored information, whether produced pursuant to a formal written discovery request or subpoena, a request made or question asked at any deposition, a letter request, by deposition testimony, interrogatory answer or any other means.

2. Pursuant to the terms of this Stipulation, any party to this Stipulation may designate as confidential any non-public information, documents, physical items, or testimony upon a good faith determination that they contain trade secrets, confidential, sensitive or proprietary information, including customer, supplier, or any other information over which the courts recognize protection. Such designated material will hereinafter be referred to as "Confidential Material."

3. Confidential Material shall be used solely for purposes of this litigation, which shall include any mediation or any appeal of this litigation, and shall not be used in any other case or matter or for any other purpose, including, without limitation, any business, competitive, commercial or other litigation purpose and shall not otherwise be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to anyone except those authorized in paragraphs 5 and 6 hereto. Notwithstanding the above, Confidential Material may be used in the pending state court action, captioned *Rock Creek Ranch I, Ltd. et. al. vs. Riviera Exploration and Drilling Company, et. al.*, District Court, Gunnison County, Colorado, Case Number: 2007CV92 ("the State Court Action") subject to the terms and protections of this Stipulation and Order and any similar Protective Order agreed to or entered into in the State Court Action, and similarly, Information designated by Rock Creek or

Riviera as Confidential under the general protective order entered in the State Court Action may be used in this action subject to the terms and protections of this Stipulation and Order.

4. A party may designate Confidential Material as "Confidential" for purposes of this Stipulation in the following manner:

(a) In the case of documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" to each page to which such designation is desired, either at the time the documents or other materials are produced for inspection or at the time, following inspection, that the documents or other materials are furnished to the party conducting such discovery;

(b) In the case of answers to interrogatories or to requests for admissions, by marking each answer with the legend indicated above in subparagraph 4(a);

(c) In the case of depositions or other pretrial testimony and all exhibits thereto, (i) by a statement on the record, by counsel, at the time of such disclosure, but such designation shall be reasonably limited to only that portion of the testimony that actually contains Confidential Material; or (ii) by written notice, sent by counsel to all parties within thirty (30) days after receiving a copy of the transcript thereof, during which 30-day period all such deposition or other pretrial testimony shall be treated as Confidential Material; and

(d) In the case of material produced in a computer-stored or electronically stored format, by giving written notice to the requesting party that the contents are "Confidential."

5. Confidential Material designated as "Confidential" may be disclosed only to:

(a) counsel who have appeared on behalf of the parties in this action, and regular employees of such counsel, assisting in the representation thereof;

(b) the named parties in this action including employees of an entity on a need to know basis;

(c) fact witnesses or deponents appearing for testimony, and their counsel, during the course of depositions or testimony in this action;

(d) any expert or consultant hired to assist counsel or to testify in this litigation;

(e) any person who was the author or recipient of such document;

(f) the Court and any of its staff or personnel;

(g) court reporters, videographers, any special master appointed by the Court, and third parties retained to provide litigation related services such as graphic, trial exhibit, translating and photocopy services;

(h) any other person upon order of the Court (upon notice to all parties) or upon written stipulation of all of the parties in this action; and

(i) the jury.

6. The terms of this Order shall not prohibit disclosure of any "CONFIDENTIAL INFORMATION":

(a) By the designating party to any employee of the designating party; or

(b) By any party to any person who is an author or designated recipient of the document, including addressees and designated recipients of copies; or

(c) By any party to any person or entity who received or had a copy of or had seen a copy of the "CONFIDENTIAL INFORMATION" prior to its production in this action.

7. In the event that a party desires to provide access to or disseminate Confidential Material to any person not otherwise entitled to access such information, the party may move the

Court for an order that such person be given access thereto if the parties cannot agree to such additional access or dissemination. In the event that the motion is granted, such person may have access to the Confidential Material after first signing, under oath, an undertaking in the form of Exhibit A attached hereto.

8. Each party's counsel shall advise every person to whom he or she gives access to Confidential Material or information contained therein that the material or information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed other than pursuant to the terms hereof. All persons listed in paragraph 5 (c), (d), (g), or (h) above who are given access to Confidential Material or information contained therein shall confirm their understanding and agreement to abide by the terms of this Stipulation by signing Exhibit A annexed hereto (the "Signed Undertakings"). Each party's counsel shall retain a copy of the Signed Undertakings it obtains.

9. The inadvertent or unintentional failure of a party producing Confidential Material to designate specific documents, information or testimony as "Confidential" shall not be deemed a waiver of that party's claim of confidentiality or right to designate upon discovery of the failure. Upon notice of any such failure to designate, the party receiving the Confidential Material shall cooperate to restore, to the extent reasonably practicable, the confidentiality of any inadvertently disclosed documents, information or testimony, including the return, redesignation and/or destruction of documents or other information.

10. The inadvertent failure by a Producing Party to assert any applicable privilege shall not constitute a waiver of such privilege. Notification in writing by a Producing Party that materials subject to the assertion of a privilege have been inadvertently produced shall be served upon counsel for each party that has received such materials. Upon such notification, the

receiving party shall take reasonable steps to obtain the return of any such information disclosed to any other person and to prevent further disclosure of such document to anyone other than counsel of record for the party receiving such materials, even if such counsel disputes the assertion of privilege.

11. If it is necessary for any party to file or submit to the Court any Confidential Material, including any documents, pleadings, motions, transcripts or other filings that disclose the contents or substance of any Confidential Material, such documents or things filed shall be filed with and kept by the Clerk of the Court pursuant to the Court's Local Rules. It is intended that all Confidential Material so filed with the Court shall be maintained separate from the public records in the action and shall be released only upon further order of the Court. Confidential Material filed or submitted to the Court shall continue to be treated as Confidential Material notwithstanding such filing or submission. Any party or member of the public may challenge the filing of a document under seal pursuant to the steps set forth in paragraph 12 of this Stipulation.

12. The failure of a party receiving material designated as "Confidential" to object to such designation at the time the designation is made shall not be deemed a waiver of that party's right to later challenge the designation at any point in the litigation. This Stipulation shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court to modify, expand, and/or restrict use of Confidential Material. Nor shall this Stipulation affect the parties' ability to apply to the Court to challenge the propriety of the designation of certain information as "Confidential." However, any party objecting to the designation of materials as "Confidential" shall make a good faith effort to resolve any such objection with the counsel for the party who designated the material. In any proceeding challenging the designation of material

as "Confidential," the party designating the material shall have the burden of establishing the confidential nature of the information. However, the information shall continue to be treated as "Confidential" until such time as the Court has resolved the dispute described in this paragraph. This Stipulation may be modified by order of the Court or by written consent of all parties, subject to the approval of the Court.

13. Nothing contained herein, including entering into this Agreement or designating any material "Confidential Material" pursuant to this Stipulation, shall be deemed an admission or a waiver of any defense or claim raised in this action. In addition, the act of entering into, agreeing to and/or producing or receiving, or designating Confidential Material or otherwise complying with the terms of this Stipulation shall not:

(a) operate as an admission by, or permit an inference against, any non-designating party that any particular Confidential Material contains or reflects trade secrets or any other type of confidential information or that such information or category of information constitutes a "trade secret" as defined by law;

(b) prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or the admissibility or relevance of any materials or information or to challenge any objection asserted by any other party; or

(c) prevent the parties to this Stipulation from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular discovery materials.

14. This Stipulation shall not prevent any party's use of its own Confidential Material for any purpose nor shall such use have any effect on this Stipulation. Similarly, this Stipulation shall not prevent any party's use of information or documents obtained from a non-party or other source, other than by means of discovery in this action (e.g., information and documents that

7

may have come into that party's possession in the regular course of business), for any purpose, nor shall such use or receipt have any effect on this Stipulation.

15. In the event that any Confidential Material is used in any proceeding, it shall not lose its designated status through such use. The entry of this Stipulation shall not be construed to broaden or narrow any party's obligation to produce information pursuant to the applicable rules of discovery. Nothing in this Stipulation shall be construed as a waiver of any right to object to the production of information in response to discovery.

16. The rules governing the use of Confidential Information at trial shall be determined at a future date.

17. In the event additional parties join or are joined in this action, they shall not have access to Confidential Material until the newly joined party by its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Stipulation.

18. Within forty-five (45) days after receiving notice of the entry of an order, judgment, decree or stipulation finally disposing of this action and the lapse of any time to appeal or disposition of any appeal taken, all persons having received Confidential Material shall either (a) return such material and all copies thereof to the party that produced it or its counsel; or (b) or destroy such materials and provide written confirmation of destruction to counsel for the other parties, except that counsel for the parties to this action may retain, subject to the obligations imposed by this Stipulation, one electronic and one hard copy of Confidential Material for their file.

19. All persons who receive Confidential Material shall, even after this litigation, be under a continuing duty not to disclose Confidential Material for as long as it is not available to the general public. The parties and any other person subject to the terms of this Stipulation agree

that this Court shall have and retain jurisdiction over it and them after this action is terminated for the purposes of enforcing this Order. Any Party to this Order may seek leave to reopen the case to enforce provisions of this Order after the case is terminated upon final disposition of the case.

20. The procedures established by this Stipulation and Protective Order are intended to be cumulative and in addition to any party's right to seek further or different protection from the Court regarding issues addressed herein. This Order is without prejudice to the right of any party to apply to the Court at any time for modification or exception to this Order.

21. If any party (the "Receiving Party") receives a subpoena seeking, or court order requiring, the production or disclosure of any Confidential Material received from any other person that designated the material "Confidential" (the "Producing Person"), the Receiving Party shall give notice to the Producing Person within three (3) business days of receipt of such subpoena or court order and, if possible, no less than five (5) business days prior to the time for production of such Confidential Material pursuant to the subpoena or court order. Written notice as used in this paragraph shall include notice delivered via overnight delivery, U.S. Mail, e-mail or facsimile. If written notice cannot be made, the Receiving Party must promptly give notice to counsel for the Producing Person by telephone. In no event shall production or disclosure be made before notice is given unless otherwise required by law. The purpose of this paragraph is to provide the Producing Person the opportunity to intervene at its own expense to object to the production of such Confidential Material.

22. The parties agree to be bound by the terms of this Stipulation upon the signing hereof by all counsel of record set forth below.

DATED at Denver, Colorado, this 29th day of January, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

| Respectfully submitted, |
|---|
| s/Ronald L. Wilcox |
| Ronald L. Wilcox<br>Jennifer H. Hunt<br>Nathan P. Flynn<br>Hill & Robbins, P.C.<br>1441 18th Street, Suite 100<br>Denver, CO  80202<br>Phone:     (303) 296-8100<br>Fax:         (303) 296-2388<br>E-mail:    ronwilcox@hillandrobbins.com<br>               jhunt@hillandrobbins.com<br>               nflynn@hillandrobbins.com<br><br>*Attorneys for Plaintiff* |

| s/Lawrence W. Treece |
|---|
| Lawrence W. Treece<br>Timothy R. Beyer<br>Wayne F. Forman<br>Brownstein Hyatt Farber Schreck LLP<br>410 17th Street, Suite 2200<br>Denver, CO  80202<br><br>*Attorneys for Defendant Gunnison Energy Corporation* |

| s/Brian S. Tooley |
|---|
| Brian S. Tooley<br>Welborn Sullivan Meck & Tooley PC<br>821 17th Street, Suite 500<br>Denver, CO  80202<br><br>Attorney for Defendants SG Interests I, Ltd. and SG Interests VII, Ltd. |

# EXHIBIT A

## AGREEMENT CONCERNING CONFIDENTIAL MATERIAL SUBJECT TO THE STIPULATION AND ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIALS

I, the undersigned, hereby acknowledge and I have read the Stipulation and Order Governing Confidentiality of Discovery Materials in *Riviera Drilling & Exploration Company v. Gunnison Energy Corporation, et al.*, Civil Action No. 08-cv-02486-REB-CBS (United States District Court for the District of Colorado), that I understand the terms thereof and agree to be bound by such terms.

I hereby submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcement of the Stipulation and Order.

_____
[full name]