IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02486-REB-CBS

RIVIERA DRILLING & EXPLORATION COMPANY,
a Texas corporation,

  Plaintiff,

v.

GUNNISON ENERGY CORPORATION,
a Delaware corporation,
SG INTERESTS I, LTD,
a Texas limited partnership, and
SG INTERESTS VII, LTD,
a Texas limited partnership,

  Defendants.

**FIRST AMENDMENT TO STIPULATION AND ORDER GOVERNING
CONFIDENTIALITY OF DISCOVERY MATERIALS**

  Plaintiff Riviera Drilling & Exploration Company ("Riviera"), and Defendants Gunnison Energy Corporation ("Gunnison"), SG Interests I, Ltd, and SG Interests VII, Ltd (jointly, "SG", and together with Gunnison, the "Defendants"), by and through their undersigned counsel, respectfully submit this First Amendment to Stipulation and Order Governing Confidentiality of Discovery Materials.

  A.  On January 29, 2009, the Court entered a Stipulated Protective Order approving the parties' Stipulation and Order Governing Confidentiality of Discovery Materials (the "Confidentiality Order"), under which the parties agreed not to use or disseminate certain confidential information produced in this case outside of this lawsuit.

  B.  By Riviera's first set of discovery requests, Riviera has requested the production of

financial information from the Defendants, which the Defendants not only deem confidential under the Confidentiality Order, but which they do not wish to provide to one another. Accordingly, the parties have agreed that Defendants' confidential financial information produced to Riviera shall not be provided to the other Defendant or that Defendants' counsel. The Defendants acknowledge that not being provided with each other's confidential financial information will benefit each Defendant by protecting such information from disclosure, and will not hamper or interfere with each Defendant's preparation of its defense in this case.

    C. Accordingly, the Court hereby enters the following First Amendment to Stipulation and Order Governing Confidentiality of Discovery Materials (this "First Amendment to Confidentiality Order"):

    1. This First Amendment to Confidentiality Order shall govern the production of:

        (a) financial statements;

        (b) budgets;

        (c) profit and loss reports;

        (d) balance sheets;

        (e) financial projections;

        (f) reservoir reserve reports and information; and

        (g) business plans (collectively, "Financial Material"),

in paper or electronic formats, produced by Gunnison or SG pursuant to a formal written discovery request or subpoena from Riviera.

    2. All Financial Material produced to Riviera by Gunnison or SG shall be deemed confidential and shall be subject to the Confidentiality Order prohibiting disclosure or dissemination of such material outside of this lawsuit.

3. A Defendant may designate Financial Material as confidential (hereinafter, "<u>Confidential Financial Material</u>") for purposes of this First Amendment to Confidentiality Order in the following manner:

(a) In the case of documents, by affixing the legend "Confidential Financial Material" to the front cover or first page of a document and to each page to which such designation is desired, either at the time the documents or other materials are produced for inspection or at the time, following inspection, that the documents or other materials are furnished to Riviera; or

(b) In the case of Financial Material produced in an electronically stored format, by giving written notice to the requesting party that the contents are "Confidential Financial Material."

4. Financial Material designated as "Confidential Financial Material" produced by Gunnison or SG to Riviera may be used by Riviera as any other produced documents in this case, subject to the Confidentiality Order; provided, however, that Riviera shall not provide in paper or electronic format copies of the Confidential Financial Material to any party other than the Defendant who produced said materials. This prohibition shall not limit Riviera from using copies of Confidential Financial Material, or summaries of information derived therefrom, as exhibits to motions or expert reports, or as part of its exhibits or testimony at any deposition or trial in this matter, or from providing copies of the portions of the Confidential Financial Materials so used to the non-producing Defendant. But Riviera shall only attach to motions or expert reports, or use at depositions or trial, and provide to the non-producing Defendant the minimum amount of Confidential Financial Material necessary for its purposes and shall not attach or publish copies of such material in bulk whenever Riviera's purposes for using the

material can be achieved through a summary, excerpt or smaller subset of said material.

   5.  Once Riviera or the producing Defendant attaches copies of Confidential Financial Material to any motion or expert report, or utilizes copies of such material at a deposition or trial, that material shall be provided to counsel for the non-producing Defendant who is free to provide copies of that particular Confidential Financial Material to his or her client or an expert or otherwise use such material in any lawful manner in this case.

   6.  Gunnison and SG may request from each other the production of Confidential Financial Material, in which case the producing party may designate such material for "Attorneys Eyes Only."  As to Confidential Financial Material so designated, the attorneys of record in this lawsuit receiving such material shall maintain such material in strict confidence and shall not provide hard or electronic copies, written summaries or excerpts of, or verbal summaries or reports on, all or any portion of such materials to any person outside the attorney's law firm, including but not limited to, any officer, director, in-house counsel or employee of his or her client or any consulting or testifying expert.  At the conclusion of the above-captioned lawsuit, such material shall be returned by the receiving attorneys to the attorneys for the Defendant who produced such material.

   7.  The inadvertent or unintentional failure of a party producing Confidential Financial Material to designate specific documents "Confidential Financial Material" shall not be deemed a waiver of that party's claim of confidentiality or right to designate upon discovery of the failure.  Upon notice of any such failure to designate, the party receiving the Confidential Financial Material shall cooperate to restore, to the extent reasonably practicable, the confidentiality of any inadvertently disclosed documents, including the return, redesignation and/or destruction of documents.

8. Nothing contained herein, including agreeing to this First Amendment to Confidentiality Order or designating any material "Confidential Financial Material" pursuant to this First Amendment to Confidentiality Order, shall be deemed an admission or a waiver of any defense or claim raised in this action. In addition, the act of entering into, agreeing to and/or producing or receiving, or designating Confidential Financial Material or otherwise complying with the terms of this First Amendment to Confidentiality Order shall not:

(a) operate as an admission by, or permit an inference against, any non-designating party that any particular Confidential Financial Material contains or reflects trade secrets or any other type of confidential information or that such information or category of information constitutes a "trade secret" as defined by law;

(b) prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or the admissibility or relevance of any materials or information or to challenge any objection asserted by any other party; or

(c) prevent the parties to this First Amendment to Confidentiality Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular discovery materials.

9. This First Amendment to Confidentiality Order shall not prevent any party's use of its own Confidential Financial Material for any purpose nor shall such use have any effect on this First Amendment to Confidentiality Order. Similarly, this Order shall not prevent any party's use of information or documents obtained from a non-party or other source, other than by means of discovery in this action (e.g., information and documents that may have come into that party's possession in the regular course of business), for any purpose, nor shall such use or receipt have any effect on this Order.

10. In the event that any Confidential Financial Material is used in any proceeding, it shall not lose its designated status through such use. The entry of this Order shall not be construed to broaden or narrow any party's obligation to produce information pursuant to the applicable rules of discovery. Nothing in this Order shall be construed as a waiver of any right to object to the production of information in response to discovery.

11. In the event additional parties join or are joined in this action, they shall not have access to Confidential Financial Material until the newly joined party by its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this First Amendment to Confidentiality Order.

12. The parties agree to be bound by the terms of this First Amendment to Confidentiality Order upon the signing hereof by all counsel of record set forth below.

DATED at Denver, Colorado, this 7th day of April, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

Respectfully submitted,

s/ Ronald L. Wilcox
Ronald L. Wilcox
Jennifer H. Hunt
Nathan P. Flynn
Hill & Robbins, P.C.
1441 18th Street, Suite 100
Denver, CO  80202
Phone: (303) 296-8100
Fax:    (303) 296-2388
E-mail: ronwilcox@hillandrobbins.com
         jhunt@hillandrobbins.com
         nflynn@hillandrobbins.com

Attorneys for Plaintiff

|  |
|---|
| s/ Lawrence W. Treece |
| Lawrence W. Treece<br>Timothy R. Beyer<br>Wayne F. Forman<br>Brownstein Hyatt Farber Schreck LLP<br>410 17th Street, Suite 2200<br>Denver, CO 80202<br><br>Attorneys for Defendant Gunnison Energy Corporation<br><br><br>s/ Brian S. Tooley |
| Brian S. Tooley<br>Kathryn Haight<br>Welborn Sullivan Meck & Tooley PC<br>821 17th Street, Suite 500<br>Denver, CO 80202<br><br>Attorneys for Defendants SG Interests I, Ltd. and SG Interests VII, Ltd. |