IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02486-REB-CBS

RIVIERA DRILLING & EXPLORATION COMPANY,
a Texas corporation,

      Plaintiff,

v.

GUNNISON ENERGY CORPORATION, a Delaware corporation,
SG INTERESTS I, LTD, a Texas limited partnership, and
SG INTERESTS VII, LTD, a Texas limited partnership,

      Defendants.

**SECOND AMENDMENT TO STIPULATION AND ORDER GOVERNING
CONFIDENTIALITY OF DISCOVERY MATERIALS**

Plaintiff Riviera Drilling & Exploration Company ("Riviera"), and Defendants Gunnison Energy Corporation ("Gunnison"), SG Interests I, Ltd, and SG Interests VII, Ltd (jointly, "SG", and together with Gunnison, the "Defendants"), by and through their undersigned counsel, respectfully submit this Second Amendment to Stipulation and Order Governing Confidentiality of Discovery Materials.

A.  On January 29, 2009, the Court entered a Stipulated Protective Order approving the parties' Stipulation and Order Governing Confidentiality of Discovery Materials (the "Confidentiality Order"), under which the parties agreed not to use or disseminate certain confidential information produced in this case outside of this lawsuit.

B.  On April 7, 2009, the Court entered a First Amendment to the Confidentiality Order (the "First Amendment") limiting the disclosure of "Confidential Financial Material."

C.  Riviera has requested the production of technical information from the Defendants,

which the Defendants not only deem confidential under the Confidentiality Order, but which contain highly proprietary information, the dissemination of which to Riviera's principals or affiliates, to the other Defendant in this case, or to any third party, would cause significant harm to the producing Defendant.

D. Accordingly, the parties have agreed that Defendants' confidential technical information produced to Riviera's counsel shall not be provided to the principals or affiliates of Riviera, to the other Defendant or that Defendant's counsel, or to any third party, including, without limitation, any representative of Buccaneer Energy (USA), Inc. or its affiliates.

E. Accordingly, the Court hereby enters the following Second Amendment to Stipulation and Order Governing Confidentiality of Discovery Materials (this "<u>Second Amendment to Confidentiality Order</u>"):

1. This Second Amendment to Confidentiality Order shall govern the production of:

    (a) geological data;

    (b) geophysical well logs;

    (c) chemical analyses of gas samples; and

    (d) results, analysis or mapping of geological investigations; (collectively, "<u>Technical Material</u>"),

in paper or electronic formats, by Gunnison or SG pursuant to a formal written discovery request or subpoena from Riviera.

2. All Technical Material produced by Gunnison or SG shall be deemed confidential and shall be subject to the Confidentiality Order prohibiting disclosure or dissemination of such material outside of this lawsuit.

3. A Defendant may designate Technical Material as confidential (hereinafter,

"Confidential Technical Material") for purposes of this Second Amendment to Confidentiality Order in the following manner:

      (a) for SG, all of such material is or will be produced from SG's Montrose office with the bates number prefix "SGM."  All documents produced by SG bearing the SGM prefix shall be deemed Confidential Technical Material;

      (b) in the case of documents produced by Gunnison, by affixing the legend "Confidential Technical Material" to the front cover or first page of a document and to each page to which such designation is desired, either at the time the documents or other materials are produced for inspection or at the time, following inspection, that the documents or other materials are furnished to Riviera's counsel; or

      (c) in the case of Technical Material produced in an electronically stored format, by giving written notice to Riviera's counsel that the contents are "Confidential Technical Material."

4.    Technical Material designated as "Confidential Technical Material" shall be produced by Gunnison or SG only to Riviera's counsel.  Riviera's counsel shall not show any of those materials or provide copies of them in paper or electronic format to: (a) principals of Riviera, specifically including, but not limited to, Scott Thurner, Sam Thurner and Jacob Thurner; (b) any parent, subsidiary or affiliate of Riviera or any company owned or controlled by the Thurners or any of them; (c) a non-producing Defendant or its counsel; or (d) any third party, specifically including, without limitation, representatives of Buccaneer Energy (USA), Inc. or its parent, subsidiary or affiliates, including, without limitation, Anthony B. Gale.  This prohibition shall not prevent Riviera's counsel from delivering copies of Confidential Technical Material, in accordance with the protocols of the Confidentiality Order, to Riviera's

specially-retained experts who have submitted written disclosures pursuant to F.R.C.P. 26(a)(2)(B). Confidential Technical Material shall not be designated as deposition exhibits but may be used to question witnesses during depositions. Riviera's counsel shall only attach to motions or expert reports or use at trial the minimum amount of Confidential Technical Material necessary for their purposes and shall not attach or publish copies of such material in bulk whenever Riviera's counsel's purposes for using the material can be achieved through a summary, excerpt or smaller subset of such material.

     5.     If the producing Defendant attaches copies of Confidential Technical Material to any motion or expert report, or endorses such material as a trial exhibit, that material shall be provided to counsel for the non-producing Defendant who is free to provide copies of that particular Confidential Technical Material to its specially-retained experts.

     6.     If any party requests the production of documents that calls for the disclosure of documents previously designated and produced as "Confidential Financial Material" under the First Amendment or "Confidential Technical Material" under this Second Amendment to Confidentiality Order, it shall be sufficient for the producing party to identify those responsive documents by their bates numbers rather than physically producing such documents.

     7.     Gunnison and SG may request from each other the production of Confidential Technical Material, in which case the producing party may designate such material for "Attorneys Eyes Only." As to Confidential Technical Material so designated, the attorneys of record in this lawsuit receiving such material shall maintain such material in strict confidence and shall not provide hard or electronic copies, written summaries or excerpts of, or verbal summaries or reports on, all or any portion of such materials to any person outside the attorney's law firm, including but not limited to, any officer, director, in-house counsel or employee of his

or her client or any consulting or testifying expert. At the conclusion of the above-captioned lawsuit, such material shall be returned by the receiving attorneys to the attorneys for the Defendant who produced such material.

8.  Counsel for SG and Riviera have entered into a June 16, 2009 letter agreement addressing SG's production of Confidential Technical Material to Riviera's counsel. This Second Amendment to Confidentiality Order supercedes that letter agreement.

9.  The inadvertent or unintentional failure of a party producing Confidential Technical Material to designate specific documents "Confidential Technical Material" shall not be deemed a waiver of that party's claim of confidentiality or right to designate upon discovery of the failure. Upon notice of any such failure to designate, the party receiving the Confidential Technical Material shall cooperate to restore, to the extent reasonably practicable, the confidentiality of any inadvertently disclosed documents, including the return, redesignation and/or destruction of documents.

10.  Nothing contained herein, including agreeing to this Second Amendment to Confidentiality Order or designating any material "Confidential Technical Material" pursuant to this Second Amendment to Confidentiality Order, shall be deemed an admission or a waiver of any defense or claim raised in this action. In addition, the act of entering into, agreeing to and/or producing or receiving, or designating Confidential Technical Material or otherwise complying with the terms of this Second Amendment to Confidentiality Order shall not:

(a) operate as an admission by, or permit an inference against, any non-designating party that any particular Confidential Technical Material contains or reflects trade secrets or any other type of confidential information or that such information or category of information constitutes a "trade secret" as defined by law;

      (b)  prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or the admissibility or relevance of any materials or information or to challenge any objection asserted by any other party; or

      (c)  prevent the parties to this Second Amendment to Confidentiality Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular discovery materials.

11.  This Second Amendment to Confidentiality Order shall not prevent any party's use of its own Confidential Technical Material for any purpose nor shall such use have any effect on this Second Amendment to Confidentiality Order.  Similarly, this Order shall not prevent any party's use of information or documents obtained from a non-party or other source, other than by means of discovery in this action (e.g., information and documents that may have come into that party's possession in the regular course of business), for any purpose, nor shall such use or receipt have any effect on this Order.

12.  In the event that any Confidential Technical Material is used in any proceeding, it shall not lose its designated status through such use.  The entry of this Order shall not be construed to broaden or narrow any party's obligation to produce information pursuant to the applicable rules of discovery.  Nothing in this Order shall be construed as a waiver of any right to object to the production of information in response to discovery.

13.  In the event additional parties join or are joined in this action, they shall not have access to Confidential Technical Material until the newly joined party by its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Second Amendment to Confidentiality Order.

14.  The parties agree to be bound by the terms of this Second Amendment to

Confidentiality Order upon the signing hereof by all counsel of record set forth below.

DATED at Denver, Colorado, this 4th day of August, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

Respectfully submitted,


s/ Ronald L. Wilcox
Ronald L. Wilcox
Jennifer H. Hunt
Nathan P. Flynn
Hill & Robbins, P.C.
1441 18th Street, Suite 100
Denver, CO  80202
Phone:   (303) 296-8100
Fax:      (303) 296-2388
E-mail:   ronwilcox@hillandrobbins.com
              jhunt@hillandrobbins.com
              nflynn@hillandrobbins.com

*Attorneys for Plaintiff*

s/ Lawrence W. Treece
Lawrence W. Treece
Timothy R. Beyer
Wayne F. Forman
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO  80202

*Attorneys for Defendant Gunnison Energy Corporation*


s/ Brian S. Tooley
Brian S. Tooley
Kathryn Haight
Welborn Sullivan Meck & Tooley PC
821 17th Street, Suite 500
Denver, CO  80202

*Attorneys for Defendants SG Interests I, Ltd. and SG Interests VII, Ltd.*