# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Case No.  08-cv-02486-REB-CBS

RIVIERA DRILLING & EXPLORATION COMPANY, a Texas corporation,

Plaintiff,

v.

GUNNISON ENERGY CORPORATION, a Delaware corporation,
SG INTERESTS I, LTD, a Texas limited partnership, and
SG INTERESTS VII, LTD, a Texas limited partnership,

Defendants.

---

## ORDER GRANTING MOTION TO DISMISS

---

**Blackburn, J.**

This matter is before me on **Defendant Gunnison Energy Corporation's**

**Motion for Partial Dismissal of Plaintiff's Fifth Claim for Relief** [#24][1] filed January

7, 2009.  The plaintiff filed a response [#35], and defendant Gunnison Energy

Corporation filed a reply [#35].  I grant the motion.

## I. JURISDICTION

I have subject matter jurisdiction under 15 U.S.C. § 15(a) (Clayton Act), 28

U.S.C. § 1331 (federal question), 28 U.S.C. § 1337(a) (act of Congress regulating

commerce or protecting commerce against restraints and monopolies), and 28 U.S.C. §

1367 (supplemental jurisdiction).

## II. STANDARD OF REVIEW

---

[1]  "[#24]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).  I must accept all well-pleaded allegations of the complaint as true.  *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) *(citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In this case, defendant Gunnison Energy Corporation seeks dismissal of that portion of the plaintiff's fifth claim for relief in which the plaintiff asserts a private right of action under 30 U.S.C. § 185(r)(2)(A).  Gunnison argues that, even accepting the allegations in the complaint as true, any claim for relief under § 185(r)(2)(A) must be dismissed because the statue does not provide for a private right of action.

### III. FACTS

The plaintiff, Riviera Drilling and Exploration Company, alleges in its complaint that it has been denied access to a natural gas gathering system located in Colorado. The gathering system is known as the Ragged Mountain System and is operated by Gunnison and defendant SG Interests VII.  Riviera captions its fifth claim for relief as

"Denial of Common Carrier Access."  Riviera asserts that Gunnison and SGVII are required to operate the Ragged Mountain System as a common carrier, and that Gunnison and SG VII have breached those obligations by denying Riviera access to the system on a nondiscriminatory basis.

Riviera's fifth claim for relief is based, in part, on 30 U.S.C. § 185(r)(2)(A), which provides that gas pipelines subject to the Mineral Lands Leasing Act "shall accept, convey, transport, or purchase without discrimination all oil or gas delivered to the pipeline." 30 U.S.C. § 185(r)(2)(A).  Gunnison does not deny that the Ragged Mountain System is a common carrier under § 185(r)(1) or that Gunnison is subject to the obligations imposed by § 185(r)(2)(A).  Gunnison argues, however, that even if it has not provided Riviera nondiscriminatory access to the gathering system, Riviera has no private right of action under § 185(r)(2)(A) to address such a violation.[2]  On this basis, Gunnison moves to dismiss Riviera's fifth claim for relief to the extent that claim is based on Gunnison's alleged violation of § 185(r)(2)(A).  Riviera argues that § 185(r)(2)(A) includes an implied private right of action and that dismissal is not proper.

## IV. ANALYSIS

A fundamental element of a claim made by a private individual under a federal statute is that the statute creates a private right of action in favor of the plaintiff for the alleged violation of the statute.  *Alexander v. Sandoval*, 532 U.S. 275, 286 - 287 (2001).

> The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy.  Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one,

---

[2]  Gunnison denies that it has failed to provide Riviera with appropriate access to the gathering system, as required by § 185(r)(2)(A).

> no matter how desirable that might be as a policy matter, or how
> compatible with the statute.  Raising up causes of action where a statute
> has not created them may be a proper function for common-law courts,
> but not for federal tribunals.

*Alexander v. Sandoval*, 532 U.S. 275, 286-287 (2001) (citations and quotation omitted).  "(A) mere proscription of behavior does not justify an inference of a private cause of action for its violation; instead, there must be some evidence that Congress intended [a private right of action]."  *Pullman v. Chorney*, 712 F.2d 447, 449 (10th Cir. 1983).

In *Cort v. Ash*, the United States Supreme Court "formulated a four-part inquiry, asking whether: (1) the plaintiff is part of the class for whose benefit the statute was enacted; (2) there is any indication of legislative intent, explicit or implicit, either to create or to deny a private right of action; (3) it would be consistent with the underlying purpose of the legislative scheme to imply a private right of action for the plaintiff; and (4) the cause of action is one traditionally relegated to state law, so that it would be inappropriate to infer a cause of action based solely on federal law."  *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263, 1266 - 1267 (10th Cir. 2004) (*citing Cort v. Ash*, 422 U.S. 66, 78 (1975)).  Since *Cort*, the inquiry concerning private rights of action has shifted and effectively has been condensed into one inquiry: whether Congress expressly or by implication intended to create a private cause of action.  *Boswell*, 361 F.3d 1267.

30 U.S.C. § 185(r)(5) provides remedies for violations of the common carrier obligations imposed by § 185(r).

> Whenever the Secretary has reason to believe that any owner or operator
> subject to this section is not operating any oil or gas pipeline in complete
> accord with its obligations as a common carrier hereunder, he may
> request the Attorney General to prosecute an appropriate proceeding

4

> before the Secretary of Energy or Federal Energy Regulatory Commission
> or any appropriate State agency or the United States district court for the
> district in which the pipeline or any part thereof is located, to enforce such
> obligation or to impose any penalty provided therefor, or the Secretary
> may, by proceeding as provided in this section, suspend or terminate the
> said grant of right-of-way for noncompliance with the provisions of this
> section.

30 U.S.C.A. § 185(r)(5).  Gunnison argues that § 185(r)95) creates certain specific

enforcement remedies for violation of § 185(r) but does not create a private right of

action for such violations.  In this circumstance, Gunnison argues, it is not proper to

imply a private right of action.  I agree.

"(I)t is an elemental canon of statutory construction that where a statute

expressly provides a particular remedy or remedies, a court must be chary of reading

others into it.  When a statute limits a thing to be done in a particular mode, it includes

the negative of any other mode.  *Transamerica Mortg. Advisors, Inc. (TAMA) v.*

*Lewis*, 444 U.S. 11, 19 - 20 (1979) (citations and quotation omitted).  In *Transamerica*,

the court noted that Congress had provided both judicial and administrative means for

enforcing compliance with the statute in question.  "In view of these express provisions

for enforcing the duties imposed by [the statute], it is highly improbable that 'Congress

absentmindedly forgot to mention an intended private action.'" *Transamerica Mortg.*

*Advisors, Inc.*,  444 U.S. at 20 (quoting *Cannon v. University of Chicago*, 742 U.S.

677, 742 (1979) (Powell, J., dissenting)).

The same analysis is dispositive of the question presented in Gunnison's motion

to dismiss.  Riviera alleges that Gunnison violated the requirements of  § 185(r)(2)(A).

In § 185(r)(5), Congress provided well-defined remedies for violations of the common

carrier obligations imposed by § 185(r).  Those remedies do not include a private right

of action.  In view of these express provisions for enforcement of the duties imposed by

§ 185(r)(2(A), it is highly improbable that Congress absentmindedly forgot to mention an intended private action.  Under these circumstances, it is not appropriate to imply a private right of action under § 185(r).

Riviera may be correct that Congress intended to confer a benefit on entities such as Riviera when Congress enacted § 185(r) and that the efficacy of the enforcement scheme provided in § 185(r)(5) is quite limited.  Under the circumstances of this case, those considerations do not require that an implied private right of action be read into the statute.  Rather, these are policy considerations properly left to Congress.

### V.  CONCLUSION & ORDER

Gunnison's motion to dismiss presents a well-defined question of law: whether 30 U.S.C. § 185(r)(2)(A) includes an implied private right of action to remedy an alleged violation of that section.  I conclude that § 185(r)(2)(A) does not include an implied private right of action.  Therefore, Riviera's fifth claim for relief must be dismissed to the extent that it asserts a private entitlement to relief based on Gunnison's alleged violation of the requirements of 30 U.S.C. § 185(r)(2)(A).

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Defendant Gunnison Energy Corporation's Motion for Partial Dismissal of Plaintiff's Fifth Claim for Relief** [#24] filed January 7, 2009, is **GRANTED**; and

2.  That under FED. R. CIV. P. 12(b)(6), plaintiff Riviera Drilling and Exploration Company's fifth claim for relief is **DISMISSED** to the extent that it asserts an entitlement

to relief based on defendant Gunnison Energy Corporation's alleged violation of the

requirements of 30 U.S.C. § 185(r)(2)(A).

Dated September 29, 2009, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge