**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  08-cv-02486-REB-CBS

RIVIERA DRILLING & EXPLORATION COMPANY, a Texas corporation,

    Plaintiff,

v.

GUNNISON ENERGY CORPORATION, a Delaware corporation,
SG INTERESTS I, LTD, a Texas limited partnership, and
SG INTERESTS VII, LTD, a Texas limited partnership,

    Defendants.

## ORDER DENYING MOTION TO REINSTATE COUNSEL

**Blackburn, J.**

This matter is before me on the **Motion by Riviera Drilling and Exploration Company To Have Hill & Robbins, P.C. Reinstated as Counsel** [#167] filed February 9, 2010.  I deny the motion on both procedural and substantive grounds.

Trial in this case is set to begin on February 22, 20010.  On January 25, 2010, the Honorable Craig B. Shaffer, United States Magistrate Judge for the District of Colorado, granted the **Unopposed Motion To Withdraw** [#129] which was filed by legal counsel for plaintiff on January 20, 2010.  *See* Courtroom Minutes [#138] filed January 25, 2010.  The plaintiff did not oppose its counsels' motion to withdraw.  During the hearing on January 25, 2010, Judge Shaffer advised Scott Thurner, a lay representative of the plaintiff corporation, that under D.C.COLO.LCivR 83.3 Mr. Thurner may not act or serve as legal counsel for the plaintiff.  Mr. Thurner advised the court that the plaintiff will obtain new counsel.  The plaintiff says it has sought to obtain

replacement counsel but has been unsuccessful.

The plaintiff is a corporation that cannot appear in this court without counsel. D.C.COLO.LCivR 11.1A, 83.3D.  The present motion was filed by Jacob Thurner, an individual who is not an attorney licensed to practice before this court.  In filing the present motion, Mr. Thurner purports to act as a representative of the plaintiff corporation.  Under D.C.COLO.LCivR 11.1A, the motion may be stricken from the record because it was not filed by a person authorized to make such a filing.  Of course, striking the motion effectively would deny the relief sought in the motion.  Thus,procedurally, the present motion is not proper, and the motion is denied on that basis.

Even if the motion were properly before this court, the plaintiff has not presented substantive grounds to reinstate its former counsel.  The record bears no indication that plaintiff's former counsel, who recently was permitted to withdraw, again is willing to enter its appearance for the plaintiff in this case.  If that were true, then presumably plaintiff's former counsel simply would enter its appearance.  Therefore, granting the plaintiff's present motion would amount to a coercive appointment of the plaintiff's quondam counsel to represent the plaintiff in this case.  In a civil case this court does not have the authority to make such a coercive appointment of counsel; to require counsel to represent the plaintiff over counsel's objection.  **See  Mallard v. United States District Court for the Southern Dist. of Iowa**, 490 U.S. 296, 310 (1989) (concerning coercive appointment for indigent civil plaintiff under 28 U.S.C. § 1915(d)); **Castner v. Colorado Springs Cablevision**, 979 F.2d 1417 1421 (10th Cir. 1991) (addressing limited ability to appoint counsel for civil litigant, even with explicit statutory authorization for appointment of counsel).  For this alternative and independent reason,

the motion is denied.

The plaintiff's motion can be viewed as a motion for reconsideration of Magistrate Judge Shaffer's order granting the motion to withdraw filed by the plaintiff's former counsel.  *See* Courtroom Minutes [#138] filed January 25, 2010.  That motion was granted only after Judge Shaffer held a hearing at which Jacob Thurner and Rivera's then-counsel were present, and Judge Shaffer fully advised Mr. Thurner of the legal requirement that Riviera be represented by counsel.

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).  In its putative motion, the plaintiff has not established any of the grounds necessary to substantiate a motion to reconsider.  Thus, viewed as a motion for reconsideration, the plaintiff's motion must be denied.

**THEREFORE, IT IS ORDERED** that the **Motion by Riviera Drilling and Exploration Company To Have Hill & Robbins, P.C. Reinstated as Counsel** [#167] filed February 9, 2010, is **DENIED**.

Dated February 12, 2010, at Denver, Colorado.

                        **BY THE COURT:**

                        */s/ Robert E. Blackburn*
                        Robert E. Blackburn
                        United States District Judge