**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  08-cv-02486-REB-CBS

RIVIERA DRILLING & EXPLORATION COMPANY, a Texas corporation,

> Plaintiff,

v.

GUNNISON ENERGY CORPORATION, a Delaware corporation,
SG INTERESTS I, LTD, a Texas limited partnership, and
SG INTERESTS VII, LTD, a Texas limited partnership,

> Defendants.

---

## ORDER OF DISMISSAL - FAILURE TO PROSECUTE

---

**Blackburn, J.**

This matter is before me *sua sponte* and on the **Motion of Defendant Gunnison Energy Corporation To Set Deadline for Entry of Substitute Counsel for Plaintiff Riviera Drilling and Exploration Company, and To Dismiss with Prejudice if Deadline Not Complied With** [#142][1] filed January 28, 2010.  Having considered carefully the record in this case, I dismiss this case with prejudice.

## I.  BACKGROUND

The plaintiff, Riviera Drilling & Exploration Company, a Texas corporation, filed this case on November 14, 2008.  The parties have litigated this case actively since it was filed.  On January 26, 2009, I entered a **Trial Preparation Conference Order** [#30], which, *inter alia*, set a Trial preparation Conference for February 5, 2010, at 9:00

---

[1]   "[#142]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

a.m., and a trial by jury to commence February 22, 2010, at 8:30 a.m.  The trial is scheduled to last thirteen days.  On January 25, 2010, the Honorable Craig B. Shaffer, United States Magistrate Judge for the District of Colorado, granted the **Unopposed Motion To Withdraw** [#129], which was filed by the plaintiff's then-counsel on January 20, 2010. *See* Courtroom Minutes [#138] filed January 25, 2010.  The plaintiff did not oppose its counsels' motion to withdraw.  During the hearing on January 25, 2010, Judge Shaffer advised Scott Thurner, a lay representative of the plaintiff corporation, that under D.C.COLO.LCivR 83.3, Mr. Thurner may not act or serve as legal counsel for the plaintiff.  Mr. Thurner advised the court that the plaintiff will obtain new counsel.

On February 4, 2010, at 4:59 p.m., putative bankruptcy counsel for plaintiff filed a **Notice of Filing of Bankruptcy** [#159].  The next day, February 5, 2010, the defendants appeared, through counsel, at the Trial Preparation Conference.  Lay representatives of Riviera, Jacob Thurner and Scott Thurner, also appeared at the Trial Preparation Conference.  Riviera did not have counsel at the February 5, 2010, Trial Preparation Conference.  Jacob Thurner told this court that Riviera was making concerted efforts to obtain counsel to represent Riviera in this case.  While in open court, a copy of my **Order to Show Cause** [#160] entered February 5, 2010, was delivered to the lay representatives of Riviera.  In addition, as required by my **Order for Clerk To Serve Order To Show Cause** [#161] filed February 5, 2010, a copy of my **Order to Show Cause** [#160] was served on the Colorado registered agent for Riviera and on the attorney who represents Riviera in its bankruptcy case.  In the absence of counsel to represent the plaintiff corporation, I was unable to conduct the Trial Preparation Conference on February 5, 2010.  Accordingly, I vacated the Trial Preparation Conference and continued it without date.

In my **Order to Show Cause** [#160], I ordered Riviera to show cause on or before February 9, 2010, by and through legal counsel "whose appearance for the plaintiff has been entered properly in this case, why this case should not be dismissed with prejudice as permitted by D.C.COLO.LCivR 41.1 and as otherwise permitted by applicable law." *Order To Show Cause* [#160], p. 2.  On February 9, 2010, Jacob Thurner, purporting to act on behalf of Riviera, filed a motion [#167] asking the court to order the reinstatement of Riviera's quondam counsel. In a separate order, I have denied that motion.  Mr. Thurner, again purporting to act on behalf of Riviera, filed also a putative response [#168] to my Order To Show Cause.  Mr. Thurner states that Riviera did not object when its whilom counsel moved to withdraw because Riviera did not want to require its counsel to continue to represent Riviera when counsel did not want to continue to represent Riviera.  Mr. Thurner states also that Riviera aggressively has sought counsel in this case.  Mr. Thurner represents that every attorney to whom Riviera has spoken about representing Riviera, and "who would otherwise be inclined to take the case," has declined to represent Riviera because of the short time until trial is scheduled to begin.  *Response* [#168], p. 3.  In short, the court and the defendants are faced with a case that is ready for trial except for the fact that, less than a month before trial, the plaintiff now finds itself without counsel or the prospect of counsel.

Under D.C.COLO.LCivR 11.1A and 83.3, a corporation, such as the plaintiff, may not appear in this court acting *pro se*.  **See also Rowland v. California Men's Colony, Unit II Men's Advisory Council**, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel.")  Applying this rule strictly, I should disregard Mr. Thurner's  recent filings [#167 & #168].  However, even if I consider Mr.

Thurner's recent filings, the result is the same.  Nothing in the record of this case,

including Mr. Thurner's recent filings [#167 & #168], demonstrates any indication that

Riviera has any realistic prospect of finding counsel to represent Riviera in this case in

the reasonably foreseeable future.  Mr. Thurner indicates that Riviera has contacted

several attorneys.  There is no indication, however, that any attorney has indicated even

a potential willingness to represent Riviera even if a brief continuance of the current trial

date is granted.  Rather, Mr. Thurner indicates that Riviera has been rebuffed at every

turn.

## II.  STANDARD OF REVIEW & ANALYSIS

> A district court undoubtedly has discretion to sanction a party for
> failing to prosecute or defend a case, or for failing to comply with local or
> federal procedural rules. Such sanctions may include dismissing the
> party's case with prejudice or entering judgment against the party.
> ***Hancock v. City of Oklahoma City***, 857 F.2d 1394, 1396 (10th Cir.1988).
> But dismissal or other final disposition of a party's claim "is a severe
> sanction reserved for the extreme case, and is only appropriate where a
> lesser sanction would not serve the ends of justice." ***Id***. (citing ***Meade v.***
> ***Grubbs***, 841 F.2d 1512 (10th Cir.1988)). In applying such a sanction, the
> district court must consider: (1) the degree of actual prejudice to the
> opposing party; (2) the amount of interference with the judicial process;
> and (3) the culpability of the litigant. ***Id***. (citing ***Meade***). "Only when these
> aggravating factors outweigh[ ] the judicial system's strong predisposition
> to resolve cases on their merits is outright dismissal with prejudice an
> appropriate sanction." ***Id***.

***Reed v. Bennett***, 312 F.3d 1190, 1195 (10th Cir. 2002).

A.  Prejudice to the defendants - The record in this case demonstrates that the

defendants have expended substantial time, effort, and money preparing this complex

case for trial.  With no prospect that the plaintiff will be prepared for trial as scheduled

on February 22, 2010, the defendant now faces substantial prejudice in the form of

wasted time, effort, and expense expended in litigating this case.  If the trial were

continued, of necessity the continuance would prolong the pendency of this case for, at

4

minimum, several months.  At a continued trial, the defendants would have the benefit

of much of their current trial preparations, but substantial trial preparations would, of

necessity, have to be repeated as a later trial date drew near.  Further, a continuance

would prolong for the defendants the substantial uncertainty faced by all parties to

pending litigation.

B.  Interference with the judicial process - Similarly, the court, primarily through

the efforts of the United States Magistrate Judge assigned to this case, has expended

substantial time and effort preparing this case for trial.  The plaintiff has short-circuited

those efforts shortly before they were to come to fruition at trial.  The first date on which

the court could re-set this case for a thirteen day trial without disturbing other trial

settings is in March, 2011, more than a year in the future.  Again, such a delay would

impose substantial prejudice on the defendants.  An earlier trial date would prodigally

disturb the trials set in other cases, causing interference, inconvenience, and expense

to other litigants, lawyers, and witnesses.

C.  Culpability of the litigant, Riviera - Knowing that trial was to begin in about

four weeks, after the parties and the court had expended substantial time, effort, and

expense preparing this case for trial, Riviera consented to the withdrawal of its trial

counsel from this case.  As discussed in my separate order addressing Riviera's motion

to reinstate its trial counsel, the court now is without authority to require Riviera's

erstwhile counsel to represent Riviera.  In short, the defendants and the court are ready

to proceed to trial, and the plaintiff, Riviera, is not.  In the context of this case, Riviera

has substantial culpability for the disruption and other prejudice caused by its inability to

proceed to trial.

D.  Conclusion - Having considered the record as a whole and the relevant

5

factors, as outlined in ***Reed v. Bennett***, 312 F.3d at 1195, I conclude that this case

must be dismissed with prejudice based on Riviera's failure to prosecute.  As the ***Reed***

court noted, the judicial system has a "strong predisposition to resolve cases on their

merits. . . ." 312 F.3d at 1195.  The court and the defendants, after expending

substantial time, expense, and effort, are prepared to resolve this case on its merits at a

trial beginning February 22, 2010.  Riviera, the plaintiff, is unable because of

circumstances it created to present the merits of its case at trial. It was Riviera who

brought this case seeking a resolution on the merits, and it now is Riviera who stands in

the way of such a resolution on the schedule set by the court and the parties more than

a year ago.  Having considered the totality of relevant circumstances, I conclude

ultimately that the three ***Reed*** factors outweigh the usual predisposition to resolve cases

on the merits and weigh heavily in favor of dismissal with prejudice.

### III.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Motion of Defendant Gunnison Energy Corporation To Set**

**Deadline for Entry of Substitute Counsel for Plaintiff Riviera Drilling and**

**Exploration Company, and To Dismiss with Prejudice if Deadline Not Complied**

**With** [#142] filed January 28, 2010, is **GRANTED** to the extent it requests that this case

be dismissed with prejudice;

2.  That the plaintiff's claims against each of the defendants are **DISMISSED WITH**

**PREJUDICE**;

3.  That judgment **SHALL ENTER** in favor of the defendants, Gunnison Energy

Corporation, a Delaware corporation, SG Interests I, LTD, a Texas limited partnership,

and SG Interests VII, LTD, a Texas limited partnership, and against the plaintiff, Riviera

Drilling & Exploration Company, a Texas corporation, as to all claims for relief and

causes of action asserted in this action;

    4.  That the trial, currently scheduled to commence on Monday, February 22, 2010,

is  **VACATED**; and

    5.  That the defendants are **AWARDED** their costs, to be taxed by the Clerk of

the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

    Dated February 12, 2010, at Denver, Colorado.

                                  **BY THE COURT:**

                                    Robert E. Blackburn
                                    United States District Judge