Appellate Case: 10-1081   Document: 01018561655   Date Filed: 01/05/2011   Page: 1

FILED
United States Court of Appeals
Tenth Circuit

**January 5, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

RIVIERA DRILLING &
EXPLORATION COMPANY, a Texas
corporation,

        Plaintiff - Appellant,

        v.

GUNNISON ENERGY
CORPORATION, a Delaware
corporation; SG INTERESTS I, LTD.,
a Texas limited partnership; SG
INTERESTS VII, LTD., a Texas
limited partnership,

        Defendants - Appellees.

No. 10-1081

(D. Colorado)

(D.C. No. 1:08-CV-02486-REB-CBS)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **EBEL**, and **HARTZ**, Circuit Judges.

---

Riviera Drilling & Exploration Company, a Texas corporation, filed an

antitrust complaint against Defendants Gunnison Energy Corporation, SG

Interests I, Ltd., and SG Interests VII, Ltd. on November 14, 2008, in the United

States District Court for the District of Colorado.  Two months later, the court set

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

trial for 13 days beginning February 22, 2010.  On January 20, 2010, however,

Riviera's counsel, Hill & Robbins, moved to withdraw.  The motion was served

on Riviera and its in-house counsel, and was unopposed by Defendants.  In

support of the motion, counsel filed an ex parte memorandum.  The magistrate

judge reviewed the memorandum and held a hearing on the motion on January 25.

Although the judge thoroughly and sternly warned Scott Thurner, a principal and

officer of Riviera, that a corporation could not litigate in court without an

attorney and that the court could dismiss the suit if Riviera did not obtain

replacement counsel, he consented to the withdrawal and the judge granted the

motion.

On February 2, 2010, Riviera, through counsel, filed a voluntary petition

for bankruptcy under Chapter 11.  Three days later Scott Thurner and Jacob

Thurner, another principal and officer of Riviera, informed the district judge at

the trial-preparation conference that Riviera had been unable to obtain

replacement counsel.  Jacob told the court that they had not appreciated the

difficulty of finding a new attorney and asked the judge to reconsider the motion

to withdraw.  The judge denied the motion because it was not made through

counsel and it should have been made first to the magistrate judge.  The court

then ruled that the bankruptcy petition did not stay the trial proceeding and

ordered Riviera to show cause by February 9 why the case should not be

dismissed with prejudice.

On February 9, Jacob Thurner filed a motion to have Hill &  Robbins reinstated as counsel.  The district judge denied the motion and dismissed the complaint with prejudice for failure to prosecute.  Riviera appeals.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.   DISCUSSION

On appeal Riviera argues that the magistrate judge should not have allowed its counsel to withdraw, the district court should have reversed the magistrate judge's order allowing withdrawal, and the district court should not have dismissed the complaint with prejudice.  In the alternative, Riviera argues that the district court's order of dismissal is void as a violation of the automatic bankruptcy stay under 11 U.S.C. § 362(a).  We consider each claim in turn.

### A.   The Order Allowing Counsel to Withdraw

Riviera contends that the magistrate judge should not have granted Hill & Robbins' motion to withdraw.  Ordinarily, we review the grant of a motion to withdraw for an abuse of discretion.  *See Stafford v. Mesnik*, 63 F.3d 1445, 1448 (7th Cir. 1995).  But Riviera did not file a timely written objection to the magistrate judge's ruling.  *See* Fed. R. Civ. P. 72(a).  Under this circuit's firm-waiver rule, it therefore "waive[d] appellate review of both factual and legal questions."  *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2004).  We apply the rule unless "a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or . . . the 'interests

of justice' require review." *Id.* The first exception does not apply because a corporation cannot appear pro se. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–03 (1993). And even if Riviera could rely on the second exception by showing good cause for failing to object to the magistrate judge's ruling, *see In re Key Energy Resources, Inc.*, 230 F.3d 1197, 1200 (10th Cir. 2000), our ultimate review would be for plain error, *see Emp'rs Reinsurance Corp. v. Mid-Continent Cas. Co.*, 358 F.3d 757, 769 (10th Cir. 2004), and Riviera cannot satisfy that standard because it has not shown that the magistrate judge committed any error in this case.

The memorandum submitted by Riviera's attorneys in support of the motion to withdraw presented numerous reasons for withdrawal: Riviera's repeated failures to follow their advice, Riviera's failure to cooperate and even communicate with them at critical times, and Riviera's failure to pay legal fees and expenses. It said that Riviera had failed to fulfill its obligations despite repeated warnings that the firm would withdraw. Specifically mentioned were Riviera's

> responding to an offer from Defendants' counsel by sending a letter directly to the Defendants' principals, refusing to sign a verification statement for accurate discovery responses, failing to participate in settlement conferences in a meaningful way, displaying a general unwillingness to accept and follow [counsel's] advice on matters material to litigation strategy, and failing to pay the fees of necessary experts.

J. App., Vol. II at 5.  The memo asserted that Riviera's refusal to participate in a settlement conference scheduled with the magistrate judge and its refusal even to communicate with counsel the day before the scheduled conference made continued representation impossible.  Correspondence from counsel to Riviera was attached to the memo.  It confirmed that counsel had warned Riviera in August and November 2009 that its case was being jeopardized by failure to make required payments to experts; and a January 14, 2010, letter informed Riviera that without expert testimony the claim could not succeed at trial.

Despite the apparent merits of counsel's frustration with Riviera, the magistrate judge could still have denied the motion because of the burden on the client resulting from withdrawal from the case so close to trial.  But Riviera's principals consented to the withdrawal, even after warnings from the magistrate judge of the potential consequences and even though Riviera had in-house counsel to advise it.  Under these circumstances the magistrate judge's decision was not plain error.

## B.    The District Court's Refusal to Reconsider

Riviera argues that the district court's denial of its motion for reconsideration of the order granting leave to withdraw was an abuse of discretion.  Under 28 U.S.C. § 636(b)(1)(A) the district court must defer to the magistrate judge's ruling on nondispositive matters unless the ruling is "clearly erroneous or contrary to the law."  *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th

Cir. 2006) (internal quotation marks omitted).  That is, the district court must affirm unless "on the entire evidence [it] is left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted).  We then review the district court's review for abuse of discretion. *See id.* at 659.

We hold that the district court did not err in denying Riviera's verbal motion for reconsideration or its later written motion to reinstate counsel.  Both motions were made by nonlawyer representatives of Riviera, and a corporation can present a motion only through licensed legal counsel. *See Rowland*, 506 U.S. at 201–03.

## C.   Dismissal With Prejudice

Riviera challenges the district court's decision to dismiss its complaint with prejudice as a sanction for its failure to prosecute.  Under Federal Rule of Civil Procedure 41(b) a district court may dismiss an action with prejudice if the plaintiff fails "to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  We review for an abuse of discretion a district court's decision to dismiss an action for failure to prosecute. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007).  "An abuse of discretion occurs when a district court makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances.  This occurs when a district court relies upon an erroneous conclusion of law or upon clearly

erroneous findings of fact." *Id.* (brackets, citation, and internal quotation marks omitted).

Before choosing the sanction of dismissal, the district court should ordinarily consider the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations, ellipses, and internal quotation marks omitted). "These factors do not constitute a rigid test," but are simply "criteria for the district court to consider." *Id.* Moreover, "we can of course affirm a district court's dismissal based on our own independent assessment of its legal propriety." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007). Riviera argues that the district court failed to evaluate and weigh all five factors and that dismissal with prejudice is an extreme sanction that is unreasonable in this case. Under the deferential abuse-of-discretion standard, we affirm the district court's dismissal order. We address each factor in turn.

## 1.     Prejudice to Defendants

The district court found that there was no possibility of trial as scheduled and that the trial could not be reset before March 2011 "without disturbing other trial settings." J. App., Vol. I at 275. It noted the obvious "substantial prejudice

[to Defendants] in the form of wasted time, effort, and expense" that would result from such delay. *Id.* at 274. The intense work required in the weeks just before a 13-day trial would need to be largely repeated after a one-year delay. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007) ("Having to prepare for trial on multiple occasions can be a considerable burden, wasting time and resources."). The court also observed that a continuance would "prolong for the defendants the substantial uncertainty faced by all parties pending litigation." J. App., Vol. I at 275. *Ehrenhaus* noted that "a lawsuit containing the serious and stigmatizing allegations of fraud damages the reputation of those accused so long as the lawsuit remains pending." 965 F.2d at 921. The same can be said of antitrust allegations.

We reject Riviera's argument that there was "no actual factual evidence" that Defendants would be prejudiced by a continuance. Aplt. Br. at 18. An experienced trial judge could see the obvious. Nor is it relevant that there had been no prior delays and that the case was "only" 14 months old. The problem was the timing of the continuance—the eve of trial. If counsel had withdrawn months before the scheduled trial, we assume that the court would not have dismissed the case. But a plaintiff who, at the last minute, is unprepared for trial is not properly prosecuting its case. We see no error in the district court's finding of substantial prejudice.

### 2.   Interference With Judicial Process

The district court found that Riviera "short-circuited [the court's] efforts shortly before they were to come to fruition at trial." J. App., Vol. I at 275. Thirteen days on a district court's calendar is a precious resource. Riviera categorizes the problem as just "one missed deadline." Aplt. Br. at 24. Perhaps, but few missed deadlines can so greatly disrupt a court's schedule. The district court properly evaluated this factor.

### 3.      Culpability of Riviera

Much of Riviera's attack on the dismissal concerns the district court's finding that it was responsible for the inability to proceed to trial. It presents itself as always eager to try the case, as undertaking great effort to obtain replacement counsel, and as the victim of its ignorance of the difficulty of obtaining counsel when it agreed to the withdrawal of Hill & Robbins.

But the district court quite properly concluded that Riviera had substantial culpability for its inability to proceed to trial. Although the magistrate judge refused to "assign[] fault or blame in any way" when it granted the motion to withdraw by Hill & Robbins, J. App., Vol. I at 132, the letters to Riviera that the firm submitted to the court paint a picture of a client knowingly preventing counsel from pursuing the litigation.

In any event, there is no need to apportion blame between lawyer and client. Under the *Ehrenhaus* factors we rarely distinguish between the party and its agent. *See Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188–90 (10th Cir.

2002). *But cf. Davis v. Miller*, 571 F.3d 1058, 1064 (10th Cir. 2009) (recognizing exception to general rule for habeas petitioners because liberty is at stake and malpractice suit could not provide relief).  Thus, whether the consensual withdrawal of counsel was the fault of Riviera or of its counsel is of no importance.  What can be said with certainty, however, is that no one else must bear that blame.  Neither the Defendants nor the court had any obligation to perform the duties of the already occupied position of general counsel for Riviera.  Accordingly, the district court properly weighed this factor against Riviera.

### 4.     Notice of Possible Dismissal

In its order of dismissal the district court did not explicitly mention the fourth *Ehrenhaus* factor—a warning by the court of the possibility of dismissal.  But any error in this regard is inconsequential, because there undoubtedly was such a warning.  Before the magistrate judge granted the motion of Hill & Robbins to withdraw, he repeatedly emphasized to Riviera's representative the dire consequences that could result from not retaining replacement counsel, saying that lack of counsel "will effectively end the case," J. App., Vol. I at 129, and would present "an insurmountable problem."  *Id*. at 133.  *See Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993) (notice prong was satisfied when plaintiffs admitted that "the court warned them in advance that dismissal of the action would be a likely sanction for noncompliance").  Even if the district court did not weigh the notice factor in deciding to dismiss the case with prejudice,

there is no reason to believe that consideration of the factor could have caused the court to choose a lesser sanction or no sanction at all.

### 5.    Availability of Lesser Sanctions

The district court's dismissal order also did not explicitly address the fifth *Ehrenhaus* factor—the availability of lesser sanctions.  But its consideration of this factor was clearly implicit in its analysis.  Because Riviera had filed for bankruptcy, a financial sanction was out of the question.  The only issue was whether to dismiss or grant a continuance.  The court found that Riviera had no "realistic prospect" of proceeding to trial "in the reasonably foreseeable future," since there was "no indication . . . that any attorney had indicated even a potential willingness to represent Riviera even if a brief continuance of the current trial date is granted."  J. App., Vol. I. at 274.  Moreover, the correspondence from Hill & Robbins to Riviera strongly suggested that even if an attorney would take the case, it could not be successfully tried at the scheduled time because the necessary experts had not been paid their fees.  And, as previously noted, anything beyond a brief continuance would require postponing trial more than a year, causing unacceptable prejudice to the Defendants.

In light of the findings by the district court, we hold that it did not abuse its discretion in deciding that dismissal with prejudice was the proper disposition.

### D.    The Bankruptcy Stay

Riviera contends that the automatic bankruptcy stay under 11 U.S.C. § 362 voided the district court's order of dismissal. A petition in bankruptcy operates as a stay of:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; [and]
>
> . . . .
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

11 U.S.C. § 362(a) (emphasis added). Riviera argues that § 362(a)(3) precluded the dismissal of its lawsuit, because the lawsuit is an asset of the bankruptcy estate. The district court orally ruled that the bankruptcy stay did not apply to its actions, and we agree.

Because the lawsuit was brought *by* the debtor Riviera, not *against* it, § 362(a)(1) is inapplicable. A debtor can continue to pursue its claims against another party even after filing for bankruptcy protection. And § 362(a)(3) is also inapplicable, because an attempt to dismiss or defeat a debtor's lawsuit is not an act to obtain possession or exercise control over property of the debtor's estate. To adopt Riviera's reading of § 362(a)(3) would prevent those sued by debtors from defending themselves. *See United States v. Inslaw, Inc.*, 932 F.2d 1467,

1473 (D.C. Cir. 1991) ("[S]omeone defending a suit brought by the debtor does

*not* risk violation of § 362(a)(3) by filing a motion to dismiss the suit, though his

resistance may burden rights asserted by the bankrupt."); *In re Bryner*, 425 B.R.

601, 607–08 (B.A.P. 10th Cir. 2010).

## II.    CONCLUSION

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

## UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT
## OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

January 05, 2011

Douglas E. Cressler
Chief Deputy Clerk

Mr. Thomas P. Howard
Mr. Kenneth R. Morris
Garlin Driscoll Howard, LLC
245 Century Circle, Suite 101
Louisville, CO  80027
U.S.A.

**RE:**     **10-1081, Riviera Drilling & Exploration v. Gunnison Energy Corporation, et al**
            Dist/Ag docket: 1:08-CV-02486-REB-CBS

Dear Counsel:

Enclosed is a copy of the order and judgment.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc:     Timothy R. Beyer
        Sarah Mercer Clark
        Wayne F. Forman
        Kathryn Haight
        Karl L. Schock
        Brian Tooley
        Lawrence W. Treece

EAS/sds